Lloyd Ambinder, Esq.
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIUSZ SIDZ, TOMASZ ORZECHOWSKI, and ARKADIUSZ WAKULUK, individually and on behalf of all other persons similarly situated who were employed by E&M ESR, INC., and/or any other entities affiliated with, controlling, or controlled by E&M ESR, INC. and/or MAGDALENA PALUCHIEWICZ and/or ERNEST PIROG, <br><br> Plaintiffs, <br><br> - against - <br><br> E&M ESR, INC., MAGDALENA PALUCHIEWICZ, AND ERNEST PIROG, and/or any other entities affiliated with, controlling, or controlled by E&M ESR, INC., MAGDALENA PALUCHIEWICZ, and/or ERNEST PIROG, <br><br> Defendants. | Docket No.: cv-12-4525-JAR-GO <br><br> **FIRST AMENDED <br> CLASS ACTION <br> COMPLAINT** |

Plaintiffs DARIUSZ SIDZ, TOMASZ ORZECHOWSKI, and ARKADIUSZ WAKULUK, individually and on behalf of all other persons similarly situated who were employed by E&M ESR, INC., MAGDALENA PALUCHIEWICZ, AND ERNEST PIROG and/or any other entities affiliated with or controlled by E&M ESR, INC., MAGDALENA PALUCHIEWICZ, and/or ERNEST PIROG (collectively "Plaintiffs") by their attorneys, Virginia & Ambinder, LLP, alleges as follows:

## NATURE OF ACTION

1.     This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law (hereinafter N.Y. Lab. Law) §§ 190 *et seq.*, N.Y. Lab. Law § 663, N.Y. Lab. Law §§ 650 *et seq.*, and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-1.1 and 142-

2.2 to recover unpaid overtime compensation owed to Plaintiffs while employed by E&M ESR, INC., MAGDALENA PALUCHIEWICZ, and ERNEST PIROG (collectively "Defendants").

     2.     Beginning in approximately September 2006 until the present, Defendants engaged in a policy and practice of requiring Plaintiffs to regularly work in excess 40 hours per week, without providing overtime compensation as required by applicable federal and state law.

     3.     Upon information and belief, beginning in approximately September 2006 until the present, Defendants engaged in a policy and practice of making deductions from Plaintiffs' wages in violation for Plaintiffs' use of the company car and as a method of discipline.

     4.     The Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including unpaid overtime compensation and unlawfully withheld deduction, that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

     5.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York State Law.

     6.     The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

     7.     The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

     8.     Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because Defendants reside in the Eastern District of New York.

## THE PARTIES

9.    Plaintiffs reside in the State of New York and performed labor for the Defendants.

10.    Upon information and belief, Defendant E&M ESR, INC. ("E&M") is a corporation incorporated under the laws of the State of New York, with its principal location at 21 St. Nicholas Avenue, Lake Grove, New York, 11755.

11.    Upon information and belief, Defendant MAGDALENA PALUCHIEWICZ is a resident of the State of New York at 21 St. Nicholas Avenue, Lake Grove, New York, 11755, and at all relevant times was an officer, director, and/or owner of E&M.

12.    Upon information and belief, Defendant ERNEST PIROG is a resident of the State of New York at 21 St. Nicholas Avenue, Lake Grove, New York, 11755, and at all relevant times was an officer, director, and/or owner of E&M.

## CLASS ALLEGATIONS

13.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 12 hereof.

14.    This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

15.    This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as vendors, drivers, and warehouse employees engaged in placing orders and stacking and delivering merchandise to CVS.

16.    Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

17.    The putative class is so numerous that joinder of all members is impracticable.

The size of the putative class is believed to be in excess of 90 employees. In addition, the names of all potential members of the putative class are not known at this time.

18.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) in a consecutive seven day work week and (2) whether Defendants made blanket deductions in Plaintiffs' wages for purposes such as the use of the company car and as a method of disciplining employees.

19.     The claims of the named Plaintiffs are typical of the claims of the putative class members. Plaintiffs and putative class members were all subject to Defendants' policies and willful practice of refusing to pay employees all wages earned, including the statutory overtime wage and withholding wages via deductions. Plaintiffs and the putative class members have thus sustained similar injuries as a result of Defendants' actions.

20.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

21.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

22.     Upon information and belief, beginning in or about September of 2006 until the

present, Defendants employed Plaintiffs and other members of the putative class as drivers and vendors.

23.     Upon information and belief, Plaintiff DARIUSZ SIDZ worked for E&M regularly five (5) to six (6) days per week as a vendor and driver from 2004 until January of 2010 and was paid an hourly rate of $12 to $19. He regularly worked between the hours of 7:00 a.m. or 8:00 a.m. until 4:00 p.m. or 8:00 p.m. He typically worked between 55 and 65 hours per week. He was also subject to a weekly $75 deduction from his wages for the use of the company car.

24.     Upon information and belief, Plaintiff TOMASZ ORZECHOWSKI worked for E&M regularly five days per week as a vendor from March 2006 until July of 2012 and was paid an hourly rate of $12 to $14. He regularly worked between the hours of 6:30 a.m. until 6:00 p.m. He was also subject to a weekly $60 deduction from his wages for the use of the company car and an additional deduction from his wages as a penalty for time mistakes.

25.     Upon information and belief, Plaintiff ARKADIUSZ WAKULUK worked for E&M regularly six (6) days per week as a company representative and driver from December 2004 until July of 2012 and was paid an hourly rate of $13 to $17.10. He regularly worked between the hours of 6:00 a.m. until 5:00 p.m. or 6:00 p.m. On average, he worked 60 hours a week. He was also subject to a weekly $70 deduction from his wages for the use of the company car.

26.     Upon information and belief, during the period from September of 2006 through the present, more than 90 similarly situated persons who worked for Defendants in a similar capacity and thus fall into the putative class.

27.     Upon information and belief, Plaintiffs and other similarly situated persons were

paid a straight time hourly wage, while working approximately 50-65 hours per week.

28.    Upon information and belief, while working for Defendants, Plaintiffs and other members of the putative class did not receive the required overtime wages, at the rate of one and one half times (1.5) the regular rate of pay, for the time in which they worked after the first forty (40) hours in any consecutive seven day week.

29.    Upon information and belief, while working for Defendants, Plaintiffs' payroll receipts did not correctly reflect the total amount of hours worked and corresponding wages earned in a given pay period.

30.    Upon information and belief, MAGDALENA PALUCHIEWICZ was an officer, director, and/or owner of E&M and (1) had the power to hire and fire employees for any or all of those entities, (2) supervised and controlled employee work schedules or conditions of employment for any or all of those entities, (3) determined the rate and method of payment for employees at any or all of those entities, and (4) maintained employment records for any or all of those entities.

31.    Upon information and belief, MAGDALENA PALUCHIEWICZ was the principal and owner of E&M, dominated the day-to-day operating decisions of any or all of those entities, and made major personnel decisions for any or all of those entities.

32.    Upon information and belief, MAGDALENA PALUCHIEWICZ had complete control of the alleged activities of E&M, which give rise to the claims brought herein.

33.    Upon information and belief, ERNEST PIROG was an officer, director, and/or owner of E&M and (1) had the power to hire and fire employees for any or all of those entities, (2) supervised and controlled employee work schedules or conditions of employment for any or all of those entities, (3) determined the rate and method of payment for employees at any or all of

those entities, and (4) maintained employment records for any or all of those entities.

34.    Upon information and belief, ERNEST PIROG was the principal and owner of E&M, dominated the day-to-day operating decisions of any or all of those entities, and made major personnel decisions for any or all of those entities.

35.    Upon information and belief, ERNEST PIROG had complete control of the alleged activities of E&M, which give rise to the claims brought herein.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS -- FLSA OVERTIME COMPENSATION

36.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 35 hereof.

37.    Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

38.    Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action earned wages for all time in which they worked, including hours worked in excess of forty (40) hours in any given week.

39.    Upon information and belief, Plaintiffs and other members of the putative class typically worked more than forty (40) hours in any given week.

40.    Upon information and belief, Plaintiffs and other members of the putative class did not always receive overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty (40) in any given week.

41.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiffs or other similarly situated employees.

42.     Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative collective action their rightfully-owed compensation was willful.

43.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS --
NEW YORK OVERTIME COMPENSATION LAW**

44.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 43 hereof.

45.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

46.     New York Labor Law § 663, provides that "[i]f any employee is paid by their employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

47.     Upon information and belief, Plaintiffs worked more than forty hours a week while working for Defendants.

48.     Consequently, by failing to pay Plaintiffs their overtime compensation for all work performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

49.     Defendants' failure to pay wages and overtime compensation for work he performed after the first forty hours worked in a week to Plaintiffs was willful.

-8-

50.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS --
### NEW YORK FAILURE TO PAY WAGES

51.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 50 hereof.

52.     Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiffs and other members of the putative class action, are protected for wage underpayments and improper employment practices.

53.     Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

54.     As persons employed for hire by Defendants, Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

55.     Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

56.     As an entity that hired Plaintiffs and other members of the putative class, E&M is an "employer."

57.     Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, MAGDALENA PALUCHIEWICZ is an "employer."

58.     Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, ERNEST PIROG is an "employer."

59.     Upon information and belief Plaintiffs and other members of the putative class

were subject to deductions in their wages for reasons, such as, the use of the company car and as a penalty.

60.     Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

61.     By deducting wages for the use of the company car and for penal purposes from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

62.     Upon information and belief, Defendants' willfully deducted wages from Plaintiffs and other members of the putative.

63.     By the foregoing reasons, Defendants have violated New York Labor Law § 190 *et sec* and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

WHEREFORE, Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) on the first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on the second cause of action, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(3) on the third cause of action, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions; and

(4) any other and further relief the Court may deem appropriate.

Dated: New York, New York
       October 4, 2012

                                      VIRGINIA & AMBINDER, LLP

                              By:_____
                                      Lloyd Ambinder, Esq..
                                      *Attorneys for Plaintiffs*
                                      Trinity Centre
                                      111 Broadway, 14th Floor
                                      New York, New York 10006
                                      (212) 943-9080