UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404
    ATTORNEYS OF RECORD:
        JEFFREY W. BRECHER, ESQ.

------------------------------------------------------------------X

DARIUSZ SIDZ, TOMASZ ORZECHOWSKI, and ARKADIUSZ WAKULUK, individually and on behalf of all other persons similarly situated who were employed by E&M ESR, INC., and/or any other entities affiliated with, controlling, or controlled by E&M ESR, INC. and/or MAGDALENA PALUCHIEWICZ and ERNEST PIROG,

                              Plaintiffs,

vs.

E&M, ESR, INC., MAGDALENA PALUCHIEWICZ, AND ERNEST PIROG, and/or any other entities affiliated with, controlling, or controlled by E&M ESR, INC., MAGDALENA PALUCHIEWICZ, and/or ERNEST PIROG,

                              Defendants.

Case No. 12-cv-4525

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

------------------------------------------------------------------X

TO:    LLOYD AMBINDER, ESQ.
        VIRGINIA & AMBINDER, LLP
        *Attorney For Plaintiffs*
        Trinity Centre
        111 Broadway, 14th Floor
        New York, NY 10006

        Defendants E&M ESR, INC., MAGDALENA PALUCHIEWICZ and ERNEST PIROG, (collectively referred to herein as "Defendants"), by and through their undersigned counsel, hereby respond to the allegations contained in Plaintiffs' First Amended Class Action Complaint (hereinafter, "Complaint") as follows:

## AS TO "NATURE OF ACTION"

1. Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint, except admit Plaintiffs purport to bring an action under the statutes cited, but deny Plaintiffs are entitled to any relief.

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint, except admit Plaintiffs have purported to bring an action under the statutes cited in the Complaint, but deny Plaintiffs are entitled to any relief.

## AS TO "JURISDICTION"

5. Paragraph 5 of Plaintiffs' Complain contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief.

6. Paragraph 6 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief

7. Paragraph 7 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief.

## AS TO "VENUE"

8. Paragraph 8 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief, except admit Defendants reside in the Eastern District of New York.

## AS TO "PARTIES"

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff s' Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint, except admit Defendant MAGDALENA PALUCHIEWICZ is a resident of the State of New York, residing at 21 St. Nicholas Avenue, Lake Grove, New York 11755, and is an owner of E&M ESR, Inc.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint, except admit Defendant ERNEST PIROG is a resident of the State of New York, residing at 21 St. Nicholas Avenue, Lake Grove, New York 11755, and is an owner of E&M ESR, Inc.

## AS TO "CLASS ALLEGATIONS"

13. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 12 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

## AS TO "FACTS"

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint, except admit that Plaintiff DARIUSZ SIDZ, was employed by Defendant E&M ESR, Inc.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint, except admit that Plaintiff TOMASZ ORZECHOWSKI, was employed by Defendant E&M ESR, Inc.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint, except admit that Plaintiff ARKADIUSZ WAKULUK, was employed by Defendant E&M ESR, Inc.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint, except admit that Defendant MAGDALENA PALUCHIEWICZ is an owner of E&M ESR, Inc.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint, except admit that Defendant ERNEST PIROG is an owner of E&M ESR, Inc.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

## AS TO "FIRST CAUSE OF ACTION AGAINST DEFENDANTS" FLSA OVERTIME COMPENSATION

36. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 35 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer

37. Paragraph 37 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. Defendants refer to the Court to the statute cited for its full content and meaning.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

### AS TO "SECOND CAUSE OF ACTION AGAINST DEFENDANTS" NEW YORK OVERTIME COMPENSATION LAW

44. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 43 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

45. Paragraph 45 contains a legal conclusion to which no response is required. Defendants refer to the Court to the regulation cited for its full content and meaning.

46. Paragraph 46 contains a legal conclusion to which no response is required. Defendants refer to the Court to the statute cited for its full content and meaning.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

## AS TO "AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION"

51. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 50 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Paragraph 53 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required. Defendants refer the Court to the statute cited for its full content and meaning.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55. Paragraph 55 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required. Defendants refer the Court to the statute cited for its full content and meaning.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint, except admit Named Plaintiffs were employed by E&M ESR, Inc.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Paragraph 60 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required. Defendants refer the Court to the statute cited for its full content and meaning.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

### AS TO "WHEREFORE"

Defendants deny all statements and allegations contained therein, including any claim for relief set forth in the "WHEREFORE" clause.

### ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

### STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, because it fails to state a cause of action.

### SECOND DEFENSE

The Complaint should be dismissed to the extent it was not filed within the applicable limitations period.

### THIRD DEFENSE

Plaintiffs were not "employees" under 12 NYCRR §142-3.12 and/or were exempt under 12 NYCRR § 142.2.2 and the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), b(1).

### FOURTH DEFENSE

Plaintiffs' claims for liquidated damages are barred or limited by Defendants' good faith effort to comply with applicable law.

### FIFTH DEFENSE

Individual Defendants were not Plaintiffs' employers under New York Labor Law or The Fair Labor Standards Act.

### SIXTH DEFENSE

Plaintiffs' claims are barred under the doctrine of set off, unjust enrichment, recoupment, and 29 U.S.C. § 216(b), (c).

Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE**, Defendants request that the Court:

a) dismiss with prejudice Plaintiffs' Complaint;

b) deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

c) award to Defendants reimbursement for its costs, including attorneys' fees; and,

      d)    grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       November 5, 2012

       Respectfully submitted,

       JACKSON LEWIS LLP
       *ATTORNEYS FOR DEFENDANTS*
       58 South Service Rd., Ste. 410
       Melville, New York  11747
       (631) 247-0404

By: _____
       JEFFREY W. BRECHER, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2012, **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

LLOYD AMBINDER, ESQ.
VIRGINIA & AMBINDER, LLP
*Attorney For Plaintiffs*
Trinity Centre
111 Broadway, 14th Floor
New York, NY 10006

_____
JEFFREY W. BRECHER, ESQ.

4828-4338-3057, v. 2